**SO ORDERED.**

**SIGNED this 09 day of December, 2011.**

 _Stephani A. Humrickhouse_
 **Stephani W. Humrickhouse**
 **United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| SEA TRAIL CORPORATION | 11-007370-8-SWH |
| DEBTOR | |

**ORDER DENYING APPLICATION TO EMPLOY SPECIAL COUNSEL**

The matter before the court is the application to employ S. Denise Watts and the law firm of Cox & Watts, PLLC (collectively, "Cox & Watts") as special counsel to the debtor, and an objection thereto filed by Waccamaw Bank ("Waccamaw") and by the Bankruptcy Administrator. A hearing was held in Raleigh, North Carolina on November 30, 2011, and the matter was taken under advisement at that time. For the reasons that follow, the application will be denied.

Debtor Sea Trail, a North Carolina corporation, filed a petition under chapter 11 on September 27, 2011. On October 6, 2011, the debtor filed an application to appoint Cox & Watts as special counsel to the debtor pursuant to 11 U.S.C. § 327(e). Waccamaw is the largest secured creditor of the debtor, and opposes the application on grounds that it does not assert the "specified special purpose" of the representation and, instead, applies for Cox & Watts' appointment as general counsel, which is not authorized by § 327(e). The Bankruptcy Administrator likewise "generally

objects to the vague nature of counsel's employment and seeks further clarification of their role in this case." Bankruptcy Admin.'s Obj. to Application at ¶ 4.  Waccamaw also objected on grounds that the application failed to satisfy the "no adverse interest" requirement because of a possible preferential transfer.

At the hearing on November 30, Ms. Watts testified that she has been the debtor's attorney since 2006 and that her legal services encompass a range of issues including real estate matters, vendor contracts, leases, employee issues, and other corporate work.  Sea Trail currently owes approximately $125,000 to Cox & Watts in pre-petition fees.  Ms. Watts testified that she received a fee of $50,000 from the debtor's operating account approximately four days prior to the debtor's bankruptcy filing, though this payment was not disclosed in her affidavit in support of the application.  The primary issue during the hearing was the nature of the representation Cox & Watts sought to provide, and at the conclusion of it, the court invited the parties to submit briefs on that issue if they so chose.  Cox & Watts did provide a supplemental brief in support of its position.

## DISCUSSION

Section 327(e) of the Bankruptcy Code provides that "the trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).  In this case, the court must focus on four distinct elements with respect to the proposed representation: 1) the "specified special purpose" of the representation; 2) that purpose being outside the scope of "conducting the case;" 3) the representation being in the "best interest of the estate;" and 4) whether the attorney

holds an interest that is adverse to the debtor or estate, with respect to the matter on which the attorney is to be employed. There is no question but that Ms. Watts "has represented the debtor," and to the extent that prior representation is a statutory requirement, it is satisfied in this case.

> Cox & Watts' application states that the debtor:
>
> desires to employ the Law Firm to act as general counsel and to represent the Debtor's interest in corporate, employee, labor, and other general business matters pertaining to the daily operation of the Debtor. Due to the Law Firm's long history of representing the Debtor on matters of this type, Special Counsel has knowledge and experience in dealing with these matters on behalf of the Debtor and it would be more efficient to allow the Law Firm to continue its representation on these matters than to have Stubbs & Perdue, P.A. take over the representation of these matters as they arise.

Application for Employment at ¶ 4. Cox & Watts also sought authorization to file applications for reimbursement every 60 days, rather than every 120 days as provided in the stipulations set forth in § 331 (with respect to professional persons employed under §§ 327 or 1103) on grounds that the 120-day timeline would create a financial hardship.

At the hearing, the court observed that the services Cox & Watts seeks to provide as "special counsel" appeared to be essentially identical to those it provided to the debtor before the bankruptcy petition was filed. That is, in fact, the gist of why Cox & Watts' continued representation could provide across-the-board efficiencies.[1] However, "[s]ubsection (e) '*does not authorize the employment of the debtor's attorney to represent the estate generally . . . .*'" 3 Collier on Bankruptcy ¶ 327.04[9][d] at 327-54 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.) (emphasis added and citations omitted).

---

[1] Because of that prior representation, Cox &Watts is not disinterested, and thus cannot be retained as the debtor's attorney under § 327(a).

3

Cox & Watts acknowledged that it can be retained as special counsel only if the service that it proposes to undertake constitutes a "specified special purpose," yet seeks to establish that the generalized services it hopes to provide can, in fact, constitute such a purpose. All of the cases counsel cited on this point hail from the District of Delaware. See, e.g., In re Woodworkers Warehouse, Inc., 323 B.R. 403, 405 (D. Del. 2005). In that case, the court noted the debtor's argument that "it is both appropriate and common in this District to appoint special counsel for these types of services," and then went on to cite cases that do appear to establish that district's expansive interpretation of the statute.

In Woodworkers, the types of services approved were not especially open-ended and instead extended to "three tasks" that the bankruptcy court's order "specifically and narrowly defined:" these consisted of obtaining court approval for the use of cash collateral, selling assets, and negotiating the debtor's key employee retention program. 323 B.R. at 405. The specific issue in that case was whether special counsel's services went beyond their approved bounds and constituted representing the debtor-in-possession in "conducting the case," which is not at issue in this matter. However, Cox & Watts offers these cases as persuasive authority because in them, the bankruptcy courts apparently approved the employment of special counsel for general litigation purposes. Mem. of Law in Support of Application for Employment at pp. 5-9 (discussing five unpublished Delaware bankruptcy court orders and suggesting that "[i]t is in the context of these cases" that Cox & Watts' application should be construed).

The court is not persuaded by the examples counsel offers, and respectfully declines to follow them. The unpublished Delaware decisions appear to go beyond the statutory bounds of "specified special purpose," and also to make significant inroads into "conducting the case." Accordingly, they

4

represent what the court believes to be unique and overly inclusive views of what § 327(e) allows. The purposes for which Cox & Watts seek to be special counsel are, at present, overly general and the first factor is not satisfied. See 3 Collier on Bankruptcy ¶ 327.04[9][b] at 327-51 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.) (commenting on the "relatively straight-forward and literal approach that has been adopted by courts in interpreting this (327(e)) and other requirements of section 327").

The second factor requires that the purpose for which counsel is retained must not extend into "conducting the case." The "special purpose to be served by counsel appointed under § 327(e) must not be related to the debtor's reorganization since this is tantamount to representing the debtor in the conduct of the case." In re Tidewater Mem. Hosp., Inc., 110 B.R. 221, 228 (Bankr. E.D. Va. 1989). The court is persuaded that the services Cox & Watts seek to provide would be within the realm of general litigation, and would not encroach into the proper realm of the debtor's bankruptcy counsel, such that the second factor is satisfied.

With respect to the third, the court concludes that Cox & Watts' representation likely would be in the best interest of the state. Waccamaw agreed that Cox & Watts' hourly fee is reasonable, and that counsel are familiar with the debtor's operations and practices. Efficiencies could be realized if Cox & Watts were to continue to provide legal services for the debtor.

The court cannot assess the fourth factor, which requires that the attorney not hold any interest adverse to the debtor or estate with respect to the matter on which the attorney is to be employed. If the court cannot discern the particular purpose for which special counsel will be employed, it cannot ensure that the attorney "does not represent or hold any interest adverse to the debtor or to the estate *with respect to the matter on which such attorney is to be employed*."

§ 327(e). Waccamaw, the debtor's largest secured creditor, has concerns about both a payment to counsel made during the preference period and the likelihood that ongoing legal work will deplete the debtor's resources. The court cannot discount these concerns, nor can it fully address them, because the specific information required has not been provided.

Because § 327(e) requires counsel to articulate a "specified special purpose" and to establish the lack of any adverse interest with respect to that purpose, and the application and affidavit before the court do not satisfy those statutory requirements, the court will deny the application. The application does satisfy the second and third factors as discussed above. This ruling is without prejudice to Cox & Watts' ability to file subsequent applications for employment as special counsel.

For the foregoing reasons, the application for employment of S. Denise Watts and the Law Firm of Cox & Watts PLLC as special counsel is **DENIED**.

**SO ORDERED**.

## END OF DOCUMENT