UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

SEA TRAIL CORPORATION,        CASE NO. 11-07370-8-SWH
                              CHAPTER 11
    DEBTOR

### DEBTOR'S EMERGENCY MOTION FOR AUTHORIZATION
### TO OBTAIN POST-PETITION FINANCING OF INSURANCE PREMIUM

**COMES NOW**, Sea Trail Corporation (the "Debtor"), by and through its undersigned counsel, and pursuant to 11 U.S.C. § 364(c) respectfully moves the Court for an Order authorizing the Debtor to (a) enter into a Premium Finance Agreement (the "Agreement") with East Coast Premium Finance ("ECPF"); and (b) to grant ECPF a first priority lien and security interest in all unearned or return premiums and dividends which may become payable under the policies identified in the Agreement, and a lien and security interest in loss payments which reduce the unearned premiums subject only to any mortgagee or loss payee interests; and (c) that any deficiency claim of ECPF remaining in the event that ECPF must proceed against its collateral be afforded administrative expense priority under 11 U.S.C. § 364(c). In support of this Motion, the Debtor states as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor filed its petition on September 27, 2011, and operates as a debtor-in-possession.

3. The Debtor maintains various insurance policies in the ordinary course of its business. The Debtor maintains all of its insurance policies through Zurich. The Debtor's insurance policies are due to expire and the Debtor is obtaining a new policy to replace the

1

expiring policy.

4. The Debtor is unable to pay, in the ordinary course of business, the entire yearly premium of approximately $140,142.15. However, the Debtor is able to finance the premium over the course of the year, through the payment of a down payment, plus monthly payments over ten months for the remaining balance of the premium. The Debtor has historically financed its insurance premium each year in this same manner.

5. The Debtor has explored financing the premium with various companies in the business of providing insurance premium financing, and has determined that ECPF offers the most advantageous terms for such financing. Therefore, the Debtor wishes to finance its yearly insurance premium with ECPF, and/or its successors or assigns (collectively "ECPF"), pursuant to the Agreement, attached hereto as Exhibit A.

6. The insurance policies are crucial to the operation of the Debtor's business and are required under the local rules applicable to Debtors in the Eastern District of North Carolina.

7. The Agreement requires a down payment of approximately $28,403.24, plus monthly payments over a period of ten months. The annual percentage rate is 4.25% and the total amount financed is $111,738.91.

8. The Agreement proposes to grant ECPF a lien and security interest in any and all unearned or return premiums and dividends, which may become payable under the policies identified in the Agreement. This property is not otherwise subject to a lien. The Debtor requests that ECPF' lien and security interest in such premiums and dividends shall be senior to the rights of the Debtor's estate in this or any subsequent proceeding under the Bankruptcy Code and to the rights of any person claiming a lien or security interest in any assets of the Debtor, without the need for ECPF to take any further action to perfect such liens.

9. The Agreement also assigns to ECPF as security any loss payments under the policies, which reduce the unearned premiums. The Debtor requests that ECPF' lien and security interest in such payments be senior to the rights of the Debtor's estate in this or any subsequent proceeding under the Bankruptcy Code, but shall be subject to the interest of any mortgagees or other payees.

10. The Debtor is unable to obtain credit as an administrative expense to finance this insurance premium.

WHEREFORE, the Debtor requests that it be authorized to finance its insurance premium pursuant to Section 364(c), and for all other relief to which the Court deems just and proper.

DATED: 4/15/13

                                              s/Trawick H. Stubbs, Jr.
                                              TRAWICK H. STUBBS, JR.
                                              STUBBS & PERDUE, P.A.
                                              P.O. Box 1654
                                              New Bern, NC 28563-1654
                                              (252) 633-2700
                                              (252) 633-9600
                                              N.C. State Bar #4221
                                              ATTORNEYS FOR DEBTOR
                                              E-mail: tstubbs@stubbsperdue.com

**East Coast Premium Finance**

PREMIUM FINANCE AGREEMENT — North Carolina

1111 MILITARY CUTOFF ROAD STE 221
WILMINGTON, NC 28405
Phone 910-763-3431

***C848481***

EXHIBIT A

☐ PERSONAL   ☒ COMMERCIAL   ☐ NEW   ☒ AGENCY RENEWAL   ☐ ADD'L PREMIUM

THIS AGREEMENT, made effective the __3__ day of __April 2013__, between

**SEA TRAIL CORP.**
(Name of Borrower/Insured exactly as it appears in financed policies)

ADDRESS __279 CLUBHOUSE RD.__
CITY __SUNSET BEACH__   STATE __NC__   ZIP __28468-4404__   PHONE # __(910) 287-1246__

hereinafter called the Borrower, and EAST COAST PREMIUM FINANCE, A NORTH CAROLINA CORPORATION hereinafter called Lender, for the purpose of financing the purchase of insurance policies described in the Scheduled Policies of Insurance listed in page 3 to this Agreement.

| TOTAL PRICE OF PREMIUMS | − CASH DOWN PAYMENT | = PRINCIPAL BALANCE OWED ON PREMIUMS | + DOC STAMPS & SERVICE FEE (if applicable) | = TOTAL AMOUNT FINANCED | + FINANCE CHARGE (Amount credit costs over term of loan) | = TOTAL OF PAYMENTS (Amount paid if all payments made as scheduled) | ANNUAL INTEREST RATE |
|---|---|---|---|---|---|---|---|
| 140,142.15 | 28,403.24 | 111,738.91 | 0.00 | 111,738.91 | 2,188.19 | 113,927.10 | 4.25 |

SELECT BILLING OPTION: ☐ Payment Book ☒ Monthly Invoice ☐ Direct Debit

YOUR PAYMENT SCHEDULE WILL BE:
Each monthly payment due on same day of each succeeding month until paid in full.

| Amount of Monthly Payment | Number of Payments | Date First Payment is Due |
|---|---|---|
| 11,392.71 | 10 | 5/3/2013 |

FOR VALUE RECEIVED, BORROWER PROMISES TO PAY to the order of Lender at the address given at the top of this page, the Total Amount Financed and all sums shown above, including interest at the Annual Interest Rate and other charges as described hereinafter, pursuant to the terms stated below and in page 2 of this Agreement.

1. **SECURITY FOR PAYMENT:** To secure payment of all sums due under this Agreement, Borrower grants Lender a security interest in any unearned premiums or other sums which may become payable under the Scheduled Policies of Insurance shown on page 3.

2. **LIMITED POWER OF ATTORNEY:** BORROWER IRREVOCABLY APPOINTS LENDER AS ATTORNEY-IN-FACT TO CANCEL THE SCHEDULED POLICIES OF INSURANCE AFTER BORROWER DEFAULTS IN MAKING PAYMENTS UNDER THIS AGREEMENT.

3. **NOTICE TO BORROWER:** (1) Do not sign this Agreement before you read it, or if it contains any blank space (other than as provided on the next page), (2) You are entitled to have and should retain a completely filled in copy of this Agreement to protect your legal rights, (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the service charge, and (4) BY SIGNING BELOW BORROWER AGREES TO THE PROVISIONS ABOVE AND ALL OF THE TERMS WHICH APPEAR ON THE SECOND PAGE OF THIS AGREEMENT AND ACKNOWLEDGES RECEIPT OF COPIES OF PAGES 1, 2 AND 3 OF THIS AGREEMENT.

SIGNATURE OF ALL INSURED[S] NAMED IN POLICIES OR AUTHORIZED AGENT OF INSURED[S], AS PERMITTED BY LAW:

X _(signature)_

| Date | Name and Title: | Date | Name and Title: |

**PRODUCER'S REPRESENTATIONS & WARRANTIES:**

The undersigned Producer represents and warrants that:    (A) The Cash Down Payment shown above has been paid by or on behalf of the Borrower. (B) The Total Price of Premiums shown above has been or will be used to purchase insurance policies shown in the Scheduled Policies of Insurance on page 3 of this Agreement. Any portion of the Total Price of Premiums received by Producer that is not used to purchase such insurance policies, as well as any refunds or credits on such policies, shall be promptly paid to Lender. (C) To the best of the undersigned's knowledge and belief, Borrower is not subject to any bankruptcy or insolvency proceedings and Producer has no reason to believe that Borrower is insolvent. (D) The Borrower's signature(s) is (are) genuine and authorized, or to the extent permitted by applicable law, the Producer has been authorized by Borrower to sign this Agreement on Borrower's behalf. (E) Producer has delivered or will deliver a copy of this Agreement to Borrower.  Producer agrees that the Representations & Warranties above, as well as those on page 3 of this Agreement, are a binding contract between Producer and Lender.

PRODUCER / AGENCY
Name __WOODBURY & CO/WILMINGTON__
Address __1111 MILITARY CUTOFF RD #221__
__WILMINGTON, NC 28405__

__4/10/2013__    _(signature)_
Date              PRODUCER'S SIGNATURE

Special Comments
This agreement assigned to Premium Assignment Corporation.

Page 1 of 3

East Coast Premium Finance

IN CONSIDERATION of the payment by Lender of the Principal Balance Owed on Premiums shown on page 1 to the insurance companies named in the Scheduled Policies of Insurance shown on page 3 (or the agents of such companies), the Borrower agrees

**4. ACCEPTANCE DATE** This Agreement is binding upon its acceptance by Lender. Acceptance shall occur upon payment of the Principal Balance Owed on Premiums to the insurance companies named in the Scheduled Policies of Insurance, or the agents of such companies.

**5. PAYMENTS** Borrower shall make payments directly to Lender in the amounts and at the same time specified on page 1 of this Agreement. Payments shall be made at Lender's address given at the top of page 1 or such other address as Lender may direct in writing. Payments made to any other address, person, firm, corporation or insurance agency (including but not limited to the Producer) shall not constitute payment to Lender. Payments received after cancellation of the Scheduled Policies of Insurance shall be credited to the unpaid balance due under this Agreement and shall not constitute reinstatement of the cancelled policies, nor shall it constitute a waiver by Lender of any rights.

**6. LATE CHARGES** If a payment is more than 5 days late, Borrower agrees to pay a late charge of 5% of each delinquent or unpaid installment, unless prohibited by applicable law.

**7. DEFAULT/CANCELLATION** A default shall occur if Borrower fails to pay any sums required by this Agreement in a timely manner, including interest and Late Charges, or if Borrower fails to carry out any other obligations under this Agreement. After default, any unpaid balance of the Total Amount Financed may become immediately due and payable in full at the option of Lender, and Lender may enforce its security interest and its rights under the Limited Power of Attorney. Interest will continue to accrue on the unpaid balance at the Annual Percentage Rate or maximum rate allowed by applicable law, at the option of Lender, until all balances owed under this Agreement are paid. Lender may request cancellation of all or any of the Scheduled Policies of Insurance at the earliest time after default permitted by applicable law.

**8. EXCESS INTEREST OR FEES** It is the intent of the Lender that no interest, fee or charge in excess of that permitted by applicable law will be charged, taken or become payable under this Agreement. In the event it is determined that Lender has taken, charged or accrued interest, fees or charges in excess of that permitted under law, such excess shall be returned to Borrower or credited against the sum due Lender hereunder.

**9. REFUNDS** The Borrower will receive a refund of the finance charge if the account is prepaid in full prior to the last installment due date. The refund shall be computed according to applicable law subject to a nonrefundable service charge of $15.

**10. SHORTAGE OR OVERAGE OF RETURNED PREMIUM** If Lender does not receive unearned premiums or other funds after cancellation or expiration of the Scheduled Policies of Insurance in an amount sufficient to pay the unpaid balance due under this Agreement, Borrower agrees to pay the deficiency to Lender on demand. Interest shall accrue on the deficiency at the Annual Percentage Rate, or the maximum rate allowed by applicable law, at the option of Lender. If the unearned premiums received by Lender are more than the amount due under this Agreement, the excess shall be returned to Borrower within the time allowed by applicable law. Borrower has no right to any excess of less than the minimum amount required to be paid by applicable law.

**11. ATTORNEYS FEES/COURT COSTS** Borrower agrees to pay all attorneys fees, expenses and court costs incurred by Lender in collecting amounts due from Borrower under this Agreement, including attorneys fees incurred on appeal and in bankruptcy, unless prohibited or limited by applicable law.

**12. LENDER RELATIONSHIP** Borrower acknowledges that: (a) Lender is not an insurance agent nor an insurance company, (b) This Agreement is a financing agreement and not an insurance policy or guarantee of insurance coverage, (c) Lender has played no part in the selection or structuring of the financed insurance policies, (d) Lender has no obligation to request reinstatement of any insurance policies properly cancelled after a default under this Agreement, and (e) The decision of whether to reinstate insurance coverage is made solely by the insurance companies providing coverage, not Lender.

**13. ADDITIONAL PREMIUMS** Lender may advance to Producer, as Borrower's agent, or to an insurance company any additional premiums that may become due, less normal down payment, adding the advanced amount, plus any finance charge, to Borrower's balance under this Agreement. However, any additional premium which is owed to the insurance company(ies) named in the Scheduled Policies of Insurance as a result of any misclassification of risk which is not paid in full or financed in this Agreement may result in cancellation of the coverage by the insurance company for nonpayment of premium. Lender's payment shall not be applied by the insurer to pay for any additional premium owed by Borrower as a result of any misclassification of risk.

**14. LENDER LIABILITY** Lender is not responsible for any damages resulting from cancellation of the Scheduled Policies of Insurance by Lender, as long as the cancellation was done in accordance with applicable law. Borrower shall be responsible for Lender's reasonable attorneys fees and expenses for any unsuccessful action filed by Borrower seeking damages for improper cancellation. Lender's liability for breach of this Agreement shall be limited to the Principal Balance Financed under this Agreement, if permitted by applicable law.

**15. RETURNED CHECKS** Borrower agrees to pay a returned check fee, as allowed by applicable law, for each of Borrower's checks returned to Lender for Insufficient funds or because the insured has no account in the payor bank.

**16. WARRANTIES OF BORROWER** Borrower warrants that: (a) Each of the Scheduled Policies of Insurance have been issued or a binder has been issued; (b) Borrower has not and will not assign or encumber any unearned premium of the Scheduled Policies of Insurance or grant a power of attorney to cancel the Scheduled Policies of Insurance to anyone other than Lender until all sums due under this Agreement are paid in full; (c) Lender may assign all its rights under this Agreement as allowed by applicable law; (d) No proceeding in bankruptcy or insolvency has been instituted by or against Borrower or is contemplated by Borrower; and (e) No insurance financed by this Agreement was purchased for personal, family or household purposes, unless so indicated on page 1.

**17. INTEREST CALCULATION** Interest is computed on an annual basis of 12 months of 30 days on the balance of the Total Amount Financed, from the effective date of the earliest insurance policy for which premiums are being advanced to the date when all sums due under this Agreement are paid.

**18. BLANK SPACES** Borrower agrees that if any policy financed by this Agreement has not been issued at the time the Agreement is signed, the names of the insurance companies issuing the financed policies, the policy numbers and the due date of the first installment may be inserted in the Agreement after it is signed.

**19. GOVERNING LAW** The Parties agree that the law of the state in which this Agreement is executed shall control the interpretation of the Agreement and the rights of the parties, unless the Agreement is executed in a state without premium finance laws, in which case the law of the State of Florida shall govern.

**20. SAVINGS AND MERGER CLAUSE** The Parties agree that if one or more portions of this Agreement are found to be invalid or unenforceable for any reason, the remaining portions shall remain fully enforceable. The parties also agree that this Agreement contains the entire agreement between the parties regarding the subject matter herein and supersedes any prior discussions.

**21. FINANCING OPTION** Entry into this financing arrangement is not a condition of obtaining insurance. You may opt to pay the premium for such insurance without financing such premium, or to obtain financing from some other source if you choose.

East Coast Premium Finance

State: NC

## SCHEDULED POLICIES OF INSURANCE

V8(0)N12.29P-0.02

SEA TRAIL CORP.
279 CLUBHOUSE RD.
SUNSET BEACH, NC 28468-4404
djohnson@seatrail.com   (910) 287-1246

\*\*\*C848481\*\*\*

WOODBURY & CO/WILMINGTON   20296
1111 MILITARY CUTOFF RD #221
WILMINGTON, NC 28405
(910) 763-3431
EAST COAST PREMIUM FINANCE CO-PLP   57083

| Premium | Down Payment | Unpaid Balance | Doc Stamps/Fees | Amt. Financed | Finance Charges | Total / Payments |
|---|---|---|---|---|---|---|
| 140,142.15 | 28,403.24 (20.27 %) | 111,738.91 | 0.00 | 111,738.91 | 2,188.19 | 113,927.10 |

| Payment | Payments | Rate | First Due | Type | Status | Contract Type |
|---|---|---|---|---|---|---|
| 11,392.71 | 10 | 4.25 % | 5/3/2013 | INVOICE | RENEW | COMMERCIAL |

| EFF DATE / EXP DATE | | COMPANY / BROKER | CITY | ST | CO. # | TYPE MEP | POLICY NO. | TOTAL PREMIUM |
|---|---|---|---|---|---|---|---|---|
| 4/3/2013 | CO: | ZURICH AMER INS | NEW YORK | NY | 84162 | PKG | TBD | 129,054.00 |
| 4/3/2014 | MGA: | VENTURE PROGRAMS INC | WESTCHESTER | PA | 63312 | 0.00 % | | |
| | MGA: | AIG EXCESS | BERKELEY HE | NJ | 65018 | | | |
| 4/3/2013 | CO: | ZURICH AMER INS | NEW YORK | NY | 84162 | UMBR | TBD | 5,242.00 |
| 4/3/2014 | MGA: | VENTURE PROGRAMS INC | WESTCHESTER | PA | 63312 | 0.00 % | | |
| 4/3/2013 | CO: | EVANSTON INS CO | GLEN ALLEN | VA | 86590 | POLL | TBD | 5,463.00 |
| 4/3/2014 | MGA: | VENTURE PROGRAMS INC | WESTCHESTER | PA | 63312 | 25.00 % | | |
| | MGA: | MARKEL UNDWTRS | GLEN ALLEN | VA | 60060 | | Taxes/Fees | 383.15 |
| | | | | | | | Total | 5,846.15 |

Created By: 20296PG        Auth Code:

### ADDITIONAL REPRESENTATIONS & WARRANTIES OF PRODUCER

(F) All information provided above is complete and correct in all respects and the policies listed above are or will be in force on the stated Effective Date and delivered by Producer to the Borrower, except for assigned risk or residual market policies.

(G) If any information listed above is or becomes incomplete or inaccurate, Producer shall promptly provide correct information to Lender.

(H) The Producer is an authorized policy issuing agent of the companies issuing the policies listed above or is the authorized agent of the MGA or broker placing the coverage directly with the insuring company,   except those policies indicated with an "X".

(I) None of the policies listed above are subject to reporting or retrospective rating provisions. All policies subject to audit, minimum or fully earned premium provisions are indicated below:
Policy No and Prefix No: _____

(J) Except as indicated above, all Scheduled Policies of Insurance can be cancelled by Borrower or Lender on 10 days notice and the unearned premiums will be computed pro rata or on the standard short rate table.

(K) If any Scheduled Policies of Insurance are subject to audit, Producer and Borrower have made good faith determination that the deposit, provisional or initial premiums are not less than the anticipated premiums to be earned for the full term of the policy(ies).

(L) Upon cancellation of any of the Scheduled Policies of Insurance, Producer shall remit to Lender the full amount of the unearned premium, including unearned commission, as well as any other payments or credits received by Producer, up to the unpaid balance due under this Agreement, within 15 days of receipt from the insuring company.

DOCUMENTARY STAMPS REQUIRED BY LAW IF ANY ARE AFFIXED TO MONTHLY JOURNAL AND CANCELLED.

# NOTICE TO INSURED

# REGARDING POSSIBLE SALE OF LOAN

DATE: __4/12/13__

RE: Premium Finance Agreement for the following borrower:

__Sea Trail Corp.__

For an amount financed of:

$ __111,738.91__

I have been advised that my premium finance agreement with

**East Coast Premium Finance Co., LLC** (Lender)

may be sold (or transferred) to another licensed premium finance company.

If the premium finance agreement is sold (or transferred), the purchaser will send a notification to me in writing at the address listed on the premium finance agreement, and will then assume servicing of my loan including billing and collection.

⊗
Borrower Signature

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

SEA TRAIL CORPORATION

DEBTOR

CHAPTER 11

CASE NO.: 11-07370-8-SWH

## NOTICE OF DEBTOR'S MOTION FOR AUTHORIZATION TO OBTAIN POST-PETITION FINANCING OF INSURANCE PREMIUM

NOTICE IS HEREBY GIVEN of the Debtor's Motion For Authorization to Obtain Post-Petition Financing of Insurance Premium ("Debtor's Motion") filed simultaneously herewith in the above captioned case; and

FURTHER NOTICE IS HEREBY GIVEN that this Debtor's Motion may be allowed provided no response and request for a hearing is made by a party in interest in writing to the Clerk of this Court by 5:00 p.m. on April 24, 2013; and

FURTHER NOTICE IS HEREBY GIVEN, that if a response is filed to the Debtor's Motion, a hearing will be conducted on the Motion and any response thereto on April 25, 2013 at 11:00 a.m. at the United States Bankruptcy Court, 300 Fayetteville Street, Raleigh, North Carolina.

DATED: 04/15/2013

/s/Trawick H. Stubbs, Jr.
TRAWICK H. STUBBS, JR.
STUBBS & PERDUE, P.A.
P.O. Box 1654
New Bern, NC 28563
N.C. State Bar No. 4221
E-mail: tstubbs@stubbsperdue.com
(252) 633-2700
(252) 633-9600 FACSIMILE

## CERTIFICATE OF SERVICE

I, Trawick H. Stubbs, Jr., Post Office Box 1654, New Bern, N.C. 28563-1654 certify;

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 15th day of April, 2013, I served copies of the Debtor's Emergency Motion For Authorization To Obtain Post-Petition Financing Of Insurance Premium and Notice thereof on the parties listed below, as indicated, and on the attached Exhibit A, by depositing a copy of the same in the United States mail bearing sufficient postage; and,

That I certify under penalty of perjury that the foregoing is true and correct.

DATED:  04/15/13

s/Trawick H. Stubbs, Jr.
Trawick H. Stubbs, Jr.
N.C. State Bar #4221
E-mail: tstubbs@stubbsperdue.com
STUBBS & PERDUE, P.A.
Attorney for Debtor
Post Office Box 1654
New Bern, North Carolina 28563
(252) 633-2700/(252) 633-9600 (Facsimile)

cc:   Bankruptcy Administrator, via CM/ECF

Sea Trail Corporation, via E-mail
Attn: Frances T. Williams, President
and Dana Connelly, COO

Paul Fanning, via E-Mail
Attorney for First Community Bank

Greg Christovich, Christovich and Associates, LLC  via E-mail

J.M. Cook, via E-mail
Attorney for the Unsecured Creditors' Committee

Matt Smith, via E-mail
The Finley Group



BRUNSWICK CO. TAX COLLECTOR
ATTN: MANAGING AGENT
P.O. BOX 29
BOLIVIA, NC 28422-0029

BRUNSWICK CO. TAX COLLECTOR
ATTN: MANAGING AGENT
P.O. BOX 29
BOLIVIA, NC 28422-0029

CAROLINAS STAFFING SOLUTIO
ATTN: MANAGING AGENT
PO BOX 1614
SHALLOTTE, NC 28549

COASTAL GOLF MARKETING
ATTN: MANAGING AGENT
PO BOX 4096
WILMINGTON, NC 28406

COX & WATTS, PLLC
ATTN: MANAGING AGENT
4617 MAIN STREET
SHALLOTTE, NC 28470

DENNIS CROCKER
P.O. BOX 2476
SHALLOTTE, NC 28459

DEBT ACQUISITION CO. AMERICA
ATTN: MANAGING AGENT
1565 HOTEL CIRCLE S STE310
SAN DIEGO, CA 92108

DEBT ACQUISITION CO. AMERICA
ATTN: MANAGING AGENT
1565 HOTEL CIRCLE S STE310
SAN DIEGO, CA 92108

ESTATE MGMT SERVICES
ATTN: MANAGAING AGENT
305 INDIGO DRIVE
BRUNSWICK, GA 31525

FORD'S FUEL SERVICE
ATTN: MANAGING AGENT
1519 OLD HWY 17 N.
N. MYRTLE BEACH, SC 29582-2522

GRAND STRAND T-TIME NETWK
ATTN: MANAGING AGENT
3901 NORTH KINGS HWY ST# 22B
MYRTLE BEACH, SC 29577

GREEN RESOURCE
ATTN: MANAGING AGENT
P.O. BOX 429
COLFAX, NC 27235

HIMMELSBACH COMMUNICATIONS
ATTN: MANAGING AGENT
P.O. BOX 1463
NORTH MYRTLE BEACH, SC 29598

INFINITY FIRE PROTECTION, LLC
ATTN: MANAGING AGENT
PO BOX 14128
RALEIGH, NC 27620

MAIL FINANCE
ATTN: MANAGING AGENT
PO BOX 45850
SAN FRANCISCO, CA 94145-0850

OCEAN RIDGE PLANTATION
ATTN: MANAGING AGENT
PO BOX 7314
OCEAN ISLE BEACH, NC 28469

PNC EQUIPMENT FINANCE
ATTN: NIKKI TIERNEY
995 DALTON AVENUE
CINCINNATI, OH 45203

REGAL CHEMICAL COMPANY
ATTN: MANAGING AGENT
PO BOX 900
ALPHARETTA, GA 30009

SMITH & TURF IRRIGATION CO.
ATTN: MANAGING AGENT
P.O. BOX 669388
CHARLOTTE, NC 28266-9388

VEREEN'S TURF PRODUCTS
ATTN: MANAGING AGENT
8862 HIGHWAY 90
LONGS, SC 29568